UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| AARON HAMILTON | CIVIL ACTION NO. 07-2084 |
| VS. | SECTION P |
| LYNN COOPER, WARDEN | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

*REPORT AND RECOMMENDATION*

*Pro se* petitioner, Aaron Hamilton, an inmate in the custody of Louisiana's Department of Public Safety and Corrections filed this petition for writ of *habeas corpus* (28 U.S.C. §2254) on November 29, 2007. Petitioner attacks his June 2005 conviction for felony theft (La. R.S.14:67) and his adjudication as a third felony offender pursuant to La. R.S.15:529.1, and the twelve year sentence imposed following that adjudication by the Fifteenth Judicial District Court, Lafayette Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Background*

Petitioner was charged with two counts of theft of property valued at over $500 (La. R.S.14:67) in a Bill of Information filed on August 25, 2004. [doc. 10-5, p. 26] On June 23, 2005 petitioner, pursuant to a plea agreement, plead guilty to one count of felony theft in the matter entitled *State of Louisiana v. Aaron Hamilton*, Docket Number 103879 of the Fifteenth Judicial District Court, Lafayette Parish. As an integral part of the plea agreement, he also admitted that he was a third felony offender as defined by the provisions of La. R.S.15:529.1, and he was

2

sentenced to serve the previously agreed to sentence of twelve years at hard labor. [doc. 1-3, p. 5; doc. 1, ¶2; doc. 10-3, pp. 24-47 (Plea and Sentencing Transcript); doc. 10-3, p. 63 (Minutes); doc. 10-3, pp. 64-65]  Petitioner did not appeal his conviction, adjudication, or sentence.  [doc. 1, ¶8]

Petitioner submitted a *pro se* Application for Post-Conviction Relief attacking his guilty plea and habitual offender adjudications in the case under Docket Number105697.  This pleading, dated December 9, 2005,[1] attacked his June 2005 conviction and adjudication under Docket Number 103879 and raised three claims for relief: (1) guilty plea was invalid because petitioner did not understand the nature of the charge and consequences of his plea since he had previously pled not guilty by reason of insanity and no sanity hearing had been convened; (2) ineffective assistance of counsel based on counsel's failure to object to the taking of the plea without first convening a sanity hearing; and, (3) trial court sentenced petitioner on the habitual offender adjudication without first sentencing him on the theft convictions. [doc. 5, pp. 12-19]

The Application for Post-Conviction Relief and the Motion to Correct Illegal Sentences[2] were inadvertently submitted to the trial judge on the same date by the Clerk of Court. In a letter to the court dated April 23, 2006, petitioner advised the court of the mix up.  Judge Michot, assuming the letter to be a *pro se* motion, denied it as vague on May 23, 2006. [doc. 5, pp. 34-35]

---

[1] Petitioner claims that he filed his pro se Application for Post-Conviction Relief on September 12, 2005. [doc. 5, p. 11] However, the pleading is dated December 9, 2005 [doc. 5, p. 19]; and, as noted, according to the petitioner's letter to Judge Michot, the matter was not submitted to the court until March 2006. For the purpose of this Report, and giving petitioner the benefit of the doubt, it will be assumed that the pleading was filed, at the earliest, on the date petitioner signed the pleading, which is December 9, 2005.

[2] On March 14, 2006 petitioner filed a *pro se* Motion to Correct an Illegal Sentence attacking the validity of his previous guilty pleas in cases docketed under docket numbers 76719 and 79320, which were the predicate convictions used to adjudicate him a multiple offender in the case under docket number 103879. [doc. 5, pp. 24-28] This matter was referred to Judge Michot who, on March 29, 2006, ordered the District Attorney to file an answer to the Motion. [doc. 5, p. 29] On April 11, 2006 the State answered petitioner's Motion. [doc. 5, pp. 30-33]

3

On June 15, 2006 Judge Castle, the judge who presided over Docket Number 103879, denied petitioner's Application for Post-Conviction Relief and provided written reasons for judgment. [doc. 5, pp. 20-22] Petitioner did not seek further review of his application for post-conviction relief. [doc. 5, p. 11][3]

On December 12, 2006[4] petitioner filed a *pro se* Motion to Correct an Illegal Sentence in the Fifteenth Judicial District Court in the proceeding under Docket No. 103879. Petitioner claimed that his adjudication as a multiple offender and the sentence imposed on that adjudication were invalid because the State did not file an Habitual Offender Bill of Information. [Exhibit A – Motion to Correct Illegal Sentence, doc. 1-4, pp. 1-4] On January 5, 2007 his motion was denied. According to the trial court, relief was denied because, "This is a repetitive application for Post Conviction Relief. This Court ruled on prior application on June 15, 2006." [Exhibit A, doc. 1-4, p. 5]

---

[3] In unrelated litigation, on or about August 8, 2006 petitioner filed a Motion for Clarification of Sentence in the proceedings under Docket Numbers 76719 and 79320. That motion was denied on August 31, 2006. [doc. 5, pp. 36-39] On September 26, 2006 petitioner filed a writ application in the Third Circuit Court of Appeals seeking review of Judge Michot's judgments in the proceedings under Docket Numbers 76,719 and 79,320. [doc. 5, pp. 40-44] This writ application was assigned Third Circuit's Docket Number 06-KH-01248. [doc. 5, p. 7] His writ application was denied on October 30, 2006. The Third Circuit, in denying relief, noted that "Relator's claim that he was not represented by counsel at the proceeding in which his sentence was amended does not involve the legality of his sentence. [Citations omitted] Instead, the claim ... involves a trial error cognizable in an application for post-conviction relief, if at all. However, the time for Relator to seek post-conviction relief has expired and Relator fails to prove an exception to the time limitation. See La.Code Crim.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La.9/5/95), 660 So.2d 1189..." *State of Louisiana v. Aaron Hamilton*, KH 06-01248 (La. App. 3 Cir. 10/30/2006). [unpublished order at doc. 5, p. 45] On November 21, 2006 petitioner filed a writ application in the Louisiana Supreme Court seeking review of the Third Circuit's judgment under Docket Number KH 06-01248. [doc. 5, p. 8, pp. 46-50] On September 28, 2007 his writ application was denied. *State of Louisiana ex rel. Aaron Hamilton v. State of Louisiana*, 2006-2964 (La. 9/28/2007), 964 So.2d 354.

[4] Petitioner claims in his memorandum that he filed the Motion in November, 2006. [See doc. 1-3, p. 5] However, the affidavit of verification signed by petitioner was dated December 12, 2006 [doc. 1-4, p. 7]; according to petitioner, he did not purchase the postage to send the pleadings to the Lafayette Parish Clerk of Court until December 27, 2006, [doc. 5, p. 3] and the Lafayette Parish Clerk of Court's date stamp shows that the pleading was filed on December 29, 2006. [doc. 1-4, p. 2] The earliest date that the pleading could be deemed filed is therefore December 12, 2006.

4

On February 6, 2007[5] petitioner sought review in the Third Circuit Court of Appeals. He complained that the trial court erroneously treated his pleading has an application for post-conviction relief . According to petitioner, the pleading in question was a motion to correct an illegal sentence pursuant to La. C.Cr.P. art. 882 and not an application for post-conviction relief filed pursuant to La. C.Cr.P. art. 924 *et seq*. [Exhibit C, Application for Supervisory Writs, doc. 1-4, pp. 10- 15] The writ application was assigned docket number KH 07-00163. [doc. 5, p. 9] On March 20, 2007 the Third Circuit denied relief and noted, "A bill of information charging Relator as an habitual offender was filed on August 25, 2004. Further, Relator was sentenced within the statutory limits provided by La. R.S.14:67 and La. R.S.15:529.1. Therefore Relator's sentence is legal." *State of Louisiana v. Aaron Hamilton*, No. KH 07-00163 (La. App. 3/20/2007). [doc. 1-4, p. 16]

On April 17, 2007 petitioner filed a writ application in the Louisiana Supreme Court. [doc. 1-4, pp. 17-20; doc. 1-3, p. 5] On September 28, 2007 the Supreme Court denied writs. *State of Louisiana ex rel. Aaron Hamilton v. State of Louisiana*, 2007-0874 (La. 9/28/2007), 964 So.2d 353. [See also Slip Judgment, doc. 1-4, p. 21.]

Petitioner signed his federal petition on November 16, 2007 [doc. 1, p. 6]; he verified the memorandum on November 6, 2007 [doc. 1-3, p. 9]; his pleadings were mailed on November 27, 2007 [doc. 1, p. 7] and received and filed on November 29, 2007.

---

[5] Petitioner claims in his memorandum that the application for supervisory writs was filed on January 20, 2007, however, the Affidavit of Verification associated with the pleading is dated February 6, 2007. [doc. 1-4, p. 15] According to petitioner, he did not purchase the postage for this filing until February 13, 2007. [doc. 5, p. 2] However, the Third Circuit notice of filing indicates that the pleading was filed on February 9, 2007. Therefore, the earliest date that the pleading should be deemed filed is February 6, 2007.

5

*Claim for Relief*

Petitioner argues a single claim for relief, "No Bill of Information filed charging defendant as being a habitual offender." In support of his claim petitioner argues, "According to the Louisiana Code of Criminal Procedure in order to charge a person with being a habitual offender an additional Bill of Information has to be filed by the District Attorney setting forth his claim. A written Bill of Information must be filed. An oral Bill of Information will not suffice. [doc. 1, ¶12(A)] He concludes, "Since the record discloses that a written multiple offender bill of information was not filed at the time Mr. Hamilton admitted the previous felony conviction, Mr. Hamilton's sentence cannot be enhanced based on the previous felony conviction." [doc.1-3, p. 8]

*Law and Analysis*

Petitioner's claim was fairly presented to the Louisiana Supreme Court and therefore it appears that the petitioner has exhausted available state court remedies. Further, it does not appear that petitioner's claim was procedurally defaulted in the Louisiana courts.[6] Finally, the exhibits suggest that the instant petition was filed within AEDPA's one-year limitations period.[7]

---

[6] While the district court construed petitioner's Motion to Correct an Illegal Sentence as a repetitive application for post-conviction relief, the Third Circuit addressed the merits of his claim and determined that contrary to petitioner's assertion, an habitual offender bill had in fact been filed. The Supreme Court's writ denial did not specify the grounds therefor, and therefore it is presumed that the court adopted the reasoning of the Court of Appeal. See *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

[7] Based on the information provided by petitioner, and upon calculations which assume the truth of petitioner's allegations and which give him every benefit of the doubt, it appears that a period of exactly 365 untolled days elapsed between July 25, 2005, the date petitioner's judgment of conviction became final by the conclusion of the time for seeking direct review following his adjudication as an habitual offender (see La. C.Cr.P. art. 914 which provides that a motion for appeal must be made within 30 days from rendition of judgment) and November 16, 2007, the date that his *habeas* petition was signed and thus filed. Petitioner may also rely on the tolling provision of §2244(d)(2) to toll the period between December 9, 2005 and June 15, 2006, the period during which his application for post-conviction relief was pending and December 12, 2006 and September 28, 2007, the period during which his motion to correct an illegal sentence was pending. Thus a period of 137 days elapsed between July 25, 2005 and December 9, 2005; a period of 179 days elapsed between June 15, 2006 and December 12, 2006; and, a period of 49

6

Nevertheless, under federal law, the sufficiency of a state indictment or bill of information is not a matter for federal *habeas corpus* relief unless it can be shown that the charging instrument was "so defective that the convicting court had no jurisdiction." *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir.1988) (citing *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir.1985), in turn citing *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir.1984)). ; *Dowell v. C.M. Lensing*, 805 F.Supp. 1335, 1342-43 (M.D.La.1992). For a charging instrument to be fatally defective, no circumstances can exist under which a valid conviction could result from facts provable under the instrument. State law is the reference for determining sufficiency. *Morlett*, *supra*, citing *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984). See also *McKay v. Collins*, 12 F.3d 66, 68-69 (5th Cir.1994).

Generally, under Louisiana law, the charging instrument alleging multiple offender status must be in writing. *State v. Scott*, 499 So.2d 1248 (La. App. 4th Cir. 1986); *State v. Fullilove*, 646 So.2d 1041 (La. App. 5 Cir. 1994). However, Louisiana law also provides that a criminal defendant may plead guilty "... to a crime non-responsive to the original indictment when such a plea is acceptable to the District Attorney, and in such case, <u>the District Attorney shall not be required to file a new indictment to charge the crime to which the plea is offered</u>." LSA C.Cr. P. art. 487(B).

In *State v. Jackson*, 2004-2863 (La. 11/29/2005), 916 So.2d 1015, 1023 the Louisiana Supreme Court clarified that article and declared, "... a trial judge is not without jurisdiction to accept a defendant's knowing and voluntary guilty plea simply because the plea is not responsive

---

days elapsed between September 28, 2007 and November 16, 2007.

7

to that charged in the bill of information and the district attorney has not amended the bill to conform to the plea."

Thus, if petitioner's plea was knowing and voluntary, the prosecution's failure to amend the otherwise valid Bill of Information did not deprive the district court of jurisdiction. Of course, the validity of the Bill of Information charging the petitioner with theft over $500 [doc. 10-5, p. 26] has not been called into question, and, that charging instrument complies with Louisiana law in all respects.[8] In any event, the Bill of Information which is of record was sufficient to confer jurisdiction upon the Fifteenth Judicial District Court in so far as it alleged the violation of Louisiana statutory law occurring within the geographical jurisdiction of the Parish of Lafayette. Thus, the only issue remaining is whether petitioner's plea was knowing and voluntary.

"For a plea to be knowing and voluntary, the defendant must be advised of and understand the consequences of the [guilty] plea." *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir.1992) ( citing *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [Defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *Gaitan*, 954 F.2d at 1012 (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991) (in turn quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)).

---

[8] See La. C.Cr.P. arts. 463, 464, 465(A)(44); 493, 494.

8

A party's formal attestations in open court carry with them the strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  In order for a guilty plea to be a "knowing" plea, the trial court record must reflect that the defendant understood "the consequences" of his plea, and this  means only that the defendant understood his maximum exposure to punishment for the offense charged.  *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir.1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)).  Therefore, so long as the record shows that the *habeas* petitioner "understood the charge and its consequences," and still voluntarily chose to plead guilty, the plea should be upheld on federal review. Compare *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir.1987); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.1986).

> According to the plea transcript, the trial court advised petitioner,
>
> Okay. Your plea form indicates that you're pleading guilty to theft over $500 and that you're pleading guilty as a third felony offender. Now, normally, for the offense of theft over $500, the possible penalty is imprisonment, with or without hard labor, for not more than ten years or a fine of not more than $3,000 or both.
>
> <u>But, when you plead guilty as a third felony offender, you are subject to a sentence of not less than two-thirds of the longest possible sentence and not more than twice the longest sentence</u>.
>
> <u>So, in your case, you would be subjecting yourself to a possible sentence of ... A little bit over 6.3 years would be the shortest time you could get, and the longest time you could get as a third felony offender would be 20 years. You understand that?</u>

To which the petitioner responded in the affirmative. [doc. 10-3, pp. 32-33 (emphasis supplied)]

Petitioner acknowledged that other than the plea agreement and its promise of a twelve year prison sentence, no other promises or threats  were made to induce him to plead guilty; he also acknowledged that he was voluntarily entering the plea.  The court then determined that

9

petitioner was competent, that he understood the charges against him and the ramifications of being sentenced as a third felony offender. [doc. 10-3, p. 34]

The record likewise reflects that petitioner was advised of his right to trial by jury; of the State's burden at trial to prove his guilt beyond a reasonable doubt; and of his right to confront and cross examine witnesses against him. He was also advised of his right to remain silent; and of his right to compulsory process. In each instance he indicated that he understood his rights and that he was willing to waive those rights and plead guilty. [doc. 10-3, pp. 35-37] The court also specifically stated,

> Also, I need to advise you that, as to the habitual offender admission which you have just made – in other words, that you have just admitted that the State – that you have two prior felony convictions and that those two prior felony convictions occurred under a time frame which would now make you a third felony habitual offender – I need to advise you that, had you not admitted to those allegations – or if you did not admit to those allegations – that the State would be required to file a bill of information against you charging that you were a third felony offender and that the State would be required to prove to the Court that that was true – in other words, that you, in fact, had two prior felonies that would subject you to sentencing as a third felony offender under this statute.
> 
> And I also need to advise you that your right to remain silent, as I told you before, includes your right not to admit to the prior felony convictions. Do you understand that?

To which petitioner responded, "Yes." [doc. 10-3, p. 38]

Petitioner was also advised

> You also understand that, because you have admitted that you have prior convictions which support a sentence under the Habitual Offender Law, that I am going to impose the sentence under the Habitual Offender Law? And, because of that, because you're being sentenced as an Habitual Offender, you cannot earn good time. Do you understand that?

To which he again responded, "Yes." [doc. 10-3, p. 39]

10

He was then asked if he had any questions concerning the Habitual Offender Law or his plea to the theft charge and he replied, "No." [doc. 1-3, p. 39]  The court then asked,

> Okay. Do you understand that, if you went to trial and the jury convicted you of theft or if you required the State to prove your habitual offender status and I found that they had sufficiently proven it, you would have the right to appeal those findings to a higher court?
>
> But by entering these pleas, you are giving up your right to appeal either the finding that you're a habitual offender or the right to appeal the conviction for the theft. Do you understand that?
>
> Do you also understand that the sentence which I'm going to impose is going to be a final sentence and you cannot appeal that sentence?

To which he again responded that he understood. [doc.10-3, pp. 39-40]

Finally, the prosecutor, when called upon to provide a factual basis for the plea and sentence stated,

> First of all, the felony theft over $500 to which Mr. Hamilton is pleading in Docket Number 103879, the State would prove that, on or about July 11th, 2004, Mr. Hamilton, along with Ron Hamilton, participated in the theft of merchandise which was valued at over $500 belonging to the Home Depot store, at the Home Depot location here in Lafayette Parish ...
>
> The State would also prove that the defendant entered the following pleas of guilty after *Boykinization* and while represented by counsel.
>
> In Docket Number 79320, in the 15th Judicial District Court, here in Lafayette, defendant entered a plea of guilty to second degree battery on February 5th, 2001 and received a three year sentence.
>
> Next, in Docket Number 76719, 15th Judicial District Court, here in Lafayette, the defendant entered a plea of guilty to felony theft on February 5th, 2001 and received a two year sentence.
>
> Under Docket Number 74273, the defendant entered a plea of guilty to felony theft on January 9th, 1997 and received a one year sentence.

11

> In Docket Number 73125, the defendant entered a plea of guilty to felony theft on January 9th, 1997 and received a one year sentence.
>
> In Docket Number 52892, the defendant entered a plea of guilty and was convicted of simple burglary on June 19th, 1986 and received a five year hard labor sentence.
>
> And, in Docket Number 52661, the defendant entered a plea of guilty and was convicted of simple burglary on June 19th 1986 and received a five year sentence.

Upon questioning by the court, petitioner acknowledged that he was indeed guilty of the theft offense and that he was indeed a second felony offender prior to the theft conviction; and, he acknowledged that he was admitting his status and his guilt to the theft charge because he was in fact guilty as charged. [doc. 10-8, pp. 42-45]

Clearly, the record before the court establishes beyond any doubt that petitioner was advised of and understood the consequences of his guilty plea to the felony theft charge as a third felony offender. Thus, as a matter of fact and law, the undersigned must conclude that petitioner's guilty plea was a knowing and voluntary plea. Since the plea was knowing and voluntary, the District Court was "... not without jurisdiction..." to accept his plea "... simply because [it was] not responsive to that charged in the unamended bill of information." *State v. Jackson*, 2004-2863 (La. 11/29/2005), 916 So.2d 1015, 1023.  Petitioner attacks only the sufficiency of the state's bill of information. As noted above, under federal law, the sufficiency of a state bill of information can only support a claim for *habeas corpus* relief if the defect deprived the state court of jurisdiction. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir.1988) Since the Louisiana court was not deprived of jurisdiction by virtue of the allegedly defective charging instrument, petitioner fails to state a claim for which relief might be granted and the dismissal of his *habeas* petition on that basis is recommended.

12

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because it fails to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on May 2, 2008.

.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)